Seward, J.
(orally).
Petitions in error have been filed in this court in several cases, and they are all about the same. The court will refer in its opinion to the case of M. V. Decker, plaintiff in error, v. The State of Ohio, defendant in error.
These cases come from’ Utica on petitions in error, and are prosecutions for the. violation of the local option law of the village of Utica. In the case of George W. Garrison, plaintiff in error, v. The State of Ohio, defendant in error, the court passed upon a number of these questions, but they seem to arise every *365 once in a while, notwithstanding this court’s decision and notwithstanding the decision of the Supreme Court on the question.
An error complained of is that the mayor of the village of Utica erred in not allowing the defendant a. jury trial. Under the laws of Ohio the defendant was not entitled to a jury trial. The Supreme Court has so held in a number of eases.
An affidavit of prejudice was filed against the mayor. It was claimed that he did not have any right to sit in the case and hear it. The court can find no law by which the mayor could be ousted of his jurisdiction. Section 6529 provides for a change of venue in certain cases from the justice’s court, but it does not apply to the mayor, and the court finds no statute anywhere that provides for a change of venue from the mayor’s court. Section 550 provides for an affidavit of prejudice being filed against a common pleas judge. Although an affidavit of prejudice was filed in this case it did not disqualify the mayor. There is no authority under the statute by which the mayor could certifjr the case to any other court for trial. There was no error in the mayor overruling the motion to oust him from jurisdiction by virtue of the affidavit of prejudice.
But the court comes to a more serious matter in these cases— and it pertains alike to all the cases — as to whether there are any petitions in error and whether there are any bills of exceptions in this court.
The mayor heard the case on the 19th day of December. The transcript reads as follows:
“December 19th, 1905, at 10 o’clock a. m., after due consideration of the evidence, the said mayor returned a verdict of guilty. It is therefore decided, adjudged and ordered by the said mayor, that the said defendant be required to pay a fine of fifty dollars and the cost of prosecution.
“The said mayor also ordered the said defendant to stand committed until the fine and costs were paid, or he is otherwise discharged according to law.”
Tt will be observed that this was on December 19. Did not the mayor lose jurisdiction of the case at that time, as far as fixing a time for filing a bill of exceptions is concerned?
*366 Tbe functions of the mayor are two: One is judicial and the other is ministerial. lie loses jurisdiction over a case when he has passed a final judgment. All other acts of his are purely ministerial, and they can not be otherwise.
“December 21, a motion for a new trial was filed by the defendant, which was set for hearing December 27, 1905, at 2 o’clock P. M.
“December 27, at 2:30 p. m., came the parties with their attorneys and said, motion was argued and submitted and the mayor, being fully advised in the premises, then and there overruled the same; to which the defendant then and there excepted.
“Whereupon, on motion of the defendant, Saturday, January 6, 1906, is fixed as the date to file a bill of exceptions.”
The fixing of a day within which to file a bill of exceptions is a judicial act and the mayor lost jurisdiction of the case when he rendered final judgment of sentence on the defendant, and he had no right thereafter to fix a time for filing a bill of exceptions. This proposition is not without authority of the Supreme Court of Ohio; there is no bill of exceptions in either of these cases, that the court can consider.
In the 53d Ohio State, page 92, the Supreme Court say:
“Unless the party requiring time to prepare a bill of exceptions in a trial before a justice of the peace informs the justice during the trial that he requires such time, and the justice thereupon appoints a time when the same shall be settled and signed not more than five days from the day of trial, the' justice loses jurisdiction and can not thereafter within the five days, on application of the party, sign and allow such bill of exceptions.'’
The court in this case further says:
“The docket entry does not show that plaintiff below during the trial, or even at the close thereof, required time- to prepare his bill of exceptions, and no time was appointed by the justice when the bill of exceptions should be settled and signed. In such ease the justice has no further jurisdiction after the close of the trial and the departure of the parties, to afterwards settle and sign a bill of exceptions, and a bill of exceptions so signed and filed does not become a part of the record, and -should be disregarded by the reviewing court.”
The same question came up in the Court of Common Pleas of Holmes County recently, and Judge Nichols held that there was *367 nothing to consider; that the mayor’s jurisdiction ended upon the announcement of his final judgment in the case; that the fixing of a time for signing a bill of exceptions was a judicial act and that it must be done before the final judgment was rendered.
Smythe c& Smylhe, for plaintiff in error.
James A. White and J. K. Fitzgibbon, contra.
These petitions in error will all be dismissed, and the judgment of the mayor is affirmed.